THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Daryl Aldrich, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | [Removed from the Court of Common Pleas |
| Convergent Outsourcing, Inc., | for the Sixteenth Judicial Circuit in and for Union County South Carolina |
| Defendant, | Civil Action No.: 2014-CP-44-0297] |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, Defendant Convergent Outsourcing, Inc. ("Convergent"), by and through its undersigned counsel, reserving all defenses and objections, hereby invokes the jurisdiction of the Court and removes Civil Action No. 2014-CP-44-0297 from the Court of Common Pleas for the Sixteenth Judicial Circuit in and for Union County South Carolina ("State Court Action") to the United States District Court for the District of South Carolina. In support thereof, Convergent states as follows:

**I.   THE UNDERLYING CIVIL ACTION**

1.  On or about July 24th, 2014, Plaintiff Daryl Aldrich on behalf of himself and purportedly others ("Plaintiff") commenced this putative class action against Defendant by filing a Complaint ("Complaint") in the State Court Action. The Complaint asserts a cause of action against Defendant related to debt collection correspondences, notices, letters, and/or alleged communications from Defendant. The claim is for violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692f).

2.  As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the procedural requirements

1

for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

3.   Timeliness:  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading or other papers from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Convergent's designated agent for receipt of service of process first received a copy of the Complaint on July 31, 2014 when it was served by Certified Mail.  **See Exhibit A.**  Therefore, Convergent received a copy of the initial pleading on July 31, 2014.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.   Removal to Proper Court:  The Court of Common Pleas for the Sixteenth Judicial Circuit in and for Union County South Carolina is located in the Spartanburg Division of the U.S. District Court for the District of South Carolina.  28 U.S.C. § 121(11).  Therefore, venue is proper because this is the "district and division embracing the place where the action is pending" *See* 28 U.S.C. §§ 1441(a) and 1446(a).

5.   No previous application has been made for the relief requested herein.

6.   Filing/Service Requirements:   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, which papers include Plaintiff's Summons, Complaint, and Civil Action Cover Sheet, are attached as **Exhibit B** to this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of courts for the Sixteenth Judicial Circuit, Union County, South Carolina.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441

Federal Fair Debt Collection Practices Act

7. Plaintiff's Complaint expressly raises a claim under the federal Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692a *et seq.*) [Complaint, pp. 3-7].

8. This Court has original subject matter jurisdiction over Plaintiff's federal cause of action pursuant to 28 U.S.C. § 1331 which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, Plaintiff's federal cause of action is properly removable to this Court pursuant to 28 U.S.C. § 1441. *See French v. EMC Mortgage Corp.*, 13-50417, 2014 WL 1679135 (5th Cir. Apr. 29, 2014) ("In the present case, Appellants referenced the FDCPA by way of asserting a cause of action under this federal statute. As such, the amended complaint brought a claim "under the … laws… of the United States," 28 U.S.C. § 1331, and was properly removed to federal court. *See* 28 U.S.C. § 1441(a)…").

### IV. CONCLUSION

In filing this Notice of Removal, Convergent denies the allegations set forth in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, denies that Plaintiff may proceed as a class action, and denies that Plaintiff has been damaged in any manner. Convergent does not waive, and specifically reserves, any and all objection as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by Convergent of any of the allegations of or damages sought in the Complaint.

**WHEREFORE**, Defendant Convergent Outsourcing, Inc. respectfully removes this state court action (Civil Action No.: 2014-CP-44-0297) from the Court of Common Pleas for the Sixteenth Judicial Circuit, in and for Union County South Carolina, to this Court pursuant to 28 U.S.C. § § 1331, 1367, 1441 and 1446.

Dated: August 27, 2014                                        Respectfully submitted,

>                                                             s/ Chad V. Echols
>                                                             Chad V. Echols (Fed I.D. 9810)
>                                                             The Echols Firm, LLC
>                                                             P.O. Box 12645
>                                                             Rock Hill, SC 29731
>                                                             (803) 329-8970
>                                                             chad.echols@theecholsfirm.com
>                                                             *Attorney for Defendant*
>                                                             *Convergent Outsourcing, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that Convergent Outsourcing, Inc.'s **Notice of Removal** and the accompanying exhibits were served upon Plaintiff's counsel on the 27th day of August, 2014 via U.S. Mail with sufficient postage affixed thereto:

> Mr. Dave Maxfield
> Dave Maxfield Attorney, LLC
> 5217 N. Trenholm Road, Suite B
> Columbia, South Carolina 29206

>                                                             s/ Chad V. Echols
>                                                             The Echols Firm, LLC

4