| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF UNION | ) | |
| | ) | |
| Daryl Aldrich | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | 2014-CP-44-297 |
| | ) | |
| Convergent Outsourcing, Inc. | ) | |
| Defendant(s) | ) | |

FILED FOR RECORD 2014 JUL 24 PM 3:[?]
WILLIAM F. GAULT
CLERK OF COURT
UNION, SC

Submitted By: Dave Maxfield
Address: 5217 N. Trenholm Rd., Ste. B
Columbia, SC 29206

SC Bar #: 7163
Telephone #: 803-509-6800
Fax #: 855-299-1656
Other:
E-mail: dave@consumerlawsc.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☒ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _/s/_      Date: 7/3/2014

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)                                                     Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF UNION | SIXTEENTH JUDICIAL CIRCUIT |
| Daryl Aldrich, <br>                         Plaintiff, <br> vs. <br> Convergent Outsourcing, Inc., <br>                         Defendant. | Case No. 2014-CP-44-297 <br><br> SUMMONS |

FILED FOR RECORD 2014 JUL 24 PM 3 30
WILLIAM F. GAULT
CLERK OF COURT
UNION, SC

TO:     THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 5217 N. Trenholm Rd., Ste. B, Columbia, South Carolina 29206, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

By: _____
David A. Maxfield, Esquire
DAVE MAXFIELD, ATTORNEY, LLC
5217 N. Trenholm Rd., Ste. B
Columbia, South Carolina 29206
(803) 509-6800

DATED: July 3, 2014
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF UNION | SIXTEENTH JUDICIAL CIRCUIT |
| DARYL ALDRICH, | Civil Action No. 2014-CP-44-297 |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** (Jury Trial Demanded) |
| CONVERGENT OUTSOURCING, INC. | |
| Defendant. | |

FILED FOR RECORD 2014 JUL 24 PM 3 30 WILLIAM F. GAULT CLERK OF COURT UNION, SC

Plaintiff, DARYL ALDRICH ("Plaintiff"), a South Carolina resident, brings this class complaint through his attorneys against Defendant CONVERGENT OUTSOURCING, INC. ("CO" or "Defendant"), individually and on behalf of a class of all others similarly situate, under Rule 23 of the South Carolina Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

6. Plaintiff, Daryl Aldrich, is a natural person residing in the State of South Carolina, County of Union.

7. Defendant Convergent Outsourcing, Inc. is a corporation engaged in the business of collecting debts in this state, organized under the laws of the State of Washington, with its principal office and "nerve center" at 800 SW 39TH ST RENTON, WA 98055.

8. The principal purpose of Defendant Convergent Outsourcing, Inc. is the collection of debts using mail and telephone, and Defendant Convergent Outsourcing, Inc. regularly attempts to collect debts alleged to be due another.

9. The primary purpose of alleged debt that Defendant Convergent Outsourcing, Inc. sought

to collect was consumer.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Venue is proper based on the non-residence of the Defendant above-named, coupled with their collection activities in Union County.

## CLASS ALLEGATIONS

12. Plaintiff brings claims, under the South Carolina Rules of Civil Procedure ("SCRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    a. All persons/consumers in South Carolina, along with their successors in interest, who have received similar debt collection correspondences, notices, letters, and/or communications from Defendant attempting to collect a debt allegedly owed to LVNV funding, which (as alleged herein) violate the FDCPA, as of the date of Plaintiff's Complaint.

    b. The Class is sufficiently numerous, as it includes hundreds of persons who have received debt collection correspondences, notices, letters, and/or communications from Defendant, which violate various provisions of the FDCPA. Joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1) of the SCRCP. The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

13. The Class is readily ascertainable through Defendant's business records. Notice can be provided to Class members by publication of notice by internet, radio, newspapers and magazines.

14. The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

15. The debt collection correspondences, notices, letters, and/or communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

16. There are questions of law and fact which are common to the Class of SCRCP 23(a)(2) predominate over questions affecting any individual Class member. All Class members were and are similarly affected by receiving debt collection correspondences, notices, letters, and/or communications from Defendant which, as alleged herein, violate the FDCPA.

17. Plaintiff's asserts claims typical of the claims of the entire Class for purposes of SCRCP 23(a)(4).

18. Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

19. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

20. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated absent a class action.

21. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

22. A class action will permit many similarly situated persons to prosecute their common

claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

23. Plaintiff will fairly and adequately represent the Class members' interests because the plaintiff's counsel is experienced and anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights and monetary damages allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

25. Defendant has acted, and will act, on grounds applicable to the entire Class, making appropriate a final injunctive relief or corresponding declaratory relief regarding the Class.

## FACTUAL ALLEGATIONS

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" with the same force and effect as if the same were set forth at length herein.

27. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt owed or claimed to be owed by an entity known as "LVNV Funding."

28. The Defendant sent the Plaintiff an initial mass produced collection letter dated January

27, 2014.

29. The letter stated that the Plaintiff had a past due account balance due and that the Defendant's client would settle for 35% of the total balance due.

30. It further stated that the Plaintiff must contact them within 60 days of the date of the letter as it related to such settlement offer and that they are not required to make this offer in the future.

31. The least sophisticated consumer would believe that a letter that offers to "settle" a debt implies that the debt is legally enforceable.

32. Upon information and belief, the alleged debt that the Defendant was attempting to collect on was passed the statute of limitation and not legally enforceable.

33. On or about April 2, 2014, the Plaintiff contacted the Defendant regarding this collection letter inquiring about this alleged debt.

34. The Plaintiff was told by the Defendant that the original debt stemmed from the period of 1996 to 1997.

35. The Plaintiff stated that he wanted to dispute this debt because to the best of his knowledge, same was paid by him. The Defendant refused to take the Plaintiff's dispute over the phone.

## FOR A FIRST CAUSE OF ACTION

### (Fair Debt Collections Practice Act Violations)

36. Plaintiff repeats, reiterates and incorporates the allegations in paragraphs numbered "1" through "34" with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692e(A) and 15 U.S.C. § 1692f.

38. Under 15 U.S.C. §1692e(A) the debt collector is specifically prohibited from falsely representing the character and legal status of any debt.

39. Defendant violated same in their attempt to collect a time-barred debt by offering a settlement for 60 days and stating that it was not required to make this offer in the future.

40. An attempt to "settle" a time-barred debt over 17 years old falsely suggests to an unsophisticated consumer that the debt is legally enforceable, regardless of whether litigation is threatened.

41. Under 15 U.S.C. 1692(f), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

42. The Defendant used an unfair and unconscionable means of collecting a debt by not allowing the Plaintiff to dispute the alleged debt in a telephone conversation.

43. Because of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages under the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

44. An order declaring this action to be a proper class action requiring Defendant to pay for class notice;

45. A declaration that the Defendant's practices violated the FDCPA;

46. For actual and statutory damages provided and under:

   a. 15 U.S.C. § 1692k(a)(1);

   b. 15 U.S.C. § 1692(2)(A);

   c. 15 U.S.C. § 1692k(2)(B);

47. For attorneys' fees and costs provided and under 15 U.S.C. § 1692(a)(3);

48. For any such other and further relief, and further costs, expenses and disbursements, as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DAVE MAXFIELD, ATTORNEY, LLC

By: _____
David A. Maxfield #6293  7163
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
803-509-6800
dave@consumerlawsc.com

Ari H. Marcus, Esq.
Marcus Law, LLC
1500 Allaire Avenue - Suite 101
Ocean, NJ 07712
(732) 660-8169
Ari@MarcusLawNJ.com
(To be admitted Pro Hac Vice)

May 21, 2014

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF UNION<br><br>Daryl Aldrich,<br>        Plaintiff,<br>vs.<br><br>Convergent Outsourcing, Inc.,<br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTEENTH JUDICIAL CIRCUIT<br><br>Case No. 2014-CP-44-0297<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on the 28th day of July, 2014, I served the foregoing **Summons & Complaint**, by sending a copy of same by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested to the following:

CT Corporation System
2 Office Park Court, Ste. 103
Columbia, SC 29223
(on behalf of Convergent Outsourcing, Inc.)

                *Kristy Woodward*
                Kristy Woodward

DATED: July 28, 2014