THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Daryl Aldrich, | Case No. 7:14-cv-03456-GRA |
| Plaintiff, | |
| v. | |
| Convergent Outsourcing, Inc., | |
| Defendant, | |

**DEFENDANT CONVERGENT OUTSOURCING, INC.'S
ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Convergent Outsourcing, Inc. ("CONVERGENT"), as and for its Answer to the complaint ("Complaint") of Daryl Aldrich ("Plaintiff"), in the above-entitled matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

The Complaint contains no Paragraphs styled as 1, 2, 3, 4, and 5, therefore CONVERGENT offers no response. CONVERGENT'S answers will correspond with Plaintiff's Complaint and begin with Paragraph 6.

**RESPONSE TO JURISDICTION AND VENUE**

6.      Responding to Paragraph 6 of Plaintiff's Complaint, CONVERGENT admits Plaintiff alleges Union County, South Carolina as his place of residence. CONVERGENT lacks knowledge or information sufficient to form a belief regarding Plaintiff's actual residence and denies the same.

7.      Responding to Paragraph 7, CONVERGENT admits that under certain circumstances, within a specific capacity, and at certain times CONVERGENT engages in the

1

business of collecting delinquent accounts asserted to be due another in South Carolina. CONVERGENT admits it maintains corporate headquarters at 800 SW 39th Street, Renton, Washington 98055. CONVERGENT denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint and hereby demands strict proof thereof.

8. Responding to Paragraph 8, CONVERGENT admits that under certain circumstances, within a specific capacity, and at certain times CONVERGENT engages in the business of collecting debts asserted to be due another. CONVERGENT admits that, at times, CONVERGENT contacts consumers via mail and telephone. CONVERGENT denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint and hereby demands strict proof thereof.

9. Responding to Paragraph 9 of Plaintiff's Complaint, CONVERGENT lacks knowledge or information sufficient to form a belief regarding the allegations set forth and therefore denies the same.

10. Responding to Paragraph 10 of Plaintiff's Complaint, CONVERGENT admits that is, at times, a "debt collector" for purposes of the FDCPA. CONVERGENT denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Responding to Paragraph 11, CONVERGENT admits that based upon the Plaintiff's allegations venue is proper in this District because the alleged events at issue in the Complaint occurred in this District. Notwithstanding this admission regarding venue, CONVERGENT denies all liability associated with the allegations set forth in Paragraph 11.

## RESPONSE TO CLASS ALLEGATIONS

12.  Responding to Paragraph 12, 12(a), and 12(b), CONVERGENT admits that Plaintiff brings this action as a class action. CONVERGENT denies that this case is appropriate for class certification.

   a. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 12(a) and hereby demands strict proof thereof.

   b. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 12(b) and hereby demands strict proof thereof.

13.  CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 13 and hereby demands strict proof thereof.

14.  CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 14 and hereby demands strict proof thereof.

15.  Responding to Paragraph 15, CONVERGENT denies that a class exists or that one should be certified and accordingly denies any allegation related to those that received correspondence from CONVERGENT. Further responding, CONVERGENT admits that at times and in certain circumstances communications with consumers by entities governed by the Fair Debt Collection Practices Act ("FDCPA") are evaluated using a hypothetical "least sophisticated consumer."

16.  CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 16 and hereby demands strict proof thereof.

17.  CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 17 and hereby demands strict proof thereof.

18.  CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 18 and demands strict proof thereof.

19. CONVERGENT admits the FDCPA allows for class action litigation, but denies that a class exists or that one should be certified and accordingly denies Paragraph 19 and demands strict proof thereof.

20. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 20 and demands strict proof thereof.

21. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 21 and demands strict proof thereof.

22. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 22 and demands strict proof thereof.

23. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 23 and demands strict proof thereof.

24. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 24 including its subparts (a) and (b) and demands strict proof thereof.

25. CONVERGENT denies that a class exists or that one should be certified and accordingly denies Paragraph 25 and demands strict proof thereof.

## RESPONSE TO FACTUAL ALLEGATIONS

26. Responding to Paragraph 26, CONVERGENT adopts by reference Paragraphs 6 through 25 of this Answer.

27. Responding to Paragraph 27, CONVERGENT admits LVNV Funding is the creditor for an account asserted to be due from Plaintiff. CONVERGENT admits, within a specific capacity, CONVERGENT engaged in the business of collecting an account asserted to be due from Plaintiff. CONVERGENT denies the remaining allegations set forth in Paragraph 27 and hereby demands strict proof thereof.

28. Responding to Paragraph 28, CONVERGENT admits to sending a letter on or about January 27, 2014 to the Plaintiff regarding a debt owed to LVNV Funding.

29. Responding to Paragraph 29, CONVERGENT craves reference to the content of the letter and denies anything inconsistent therewith.

30. Responding to Paragraph 30, CONVERGENT craves reference to the content of the letter and denies anything inconsistent therewith.

31. Paragraph 31 is denied and CONVERGENT demands strict proof thereof.

32. Responding to Paragraph 32, CONVERGENT lacks knowledge or information sufficient to form a belief regarding Plaintiff's allegations, therefore denies the same and hereby demands strict proof thereof.

33. Responding to Paragraph 33, CONVERGENT admits being contacted by the Plaintiff. CONVERGENT denies any additional allegation and demands strict proof thereof.

34. CONVERGENT lacks knowledge or information sufficient to admit or deny the exact content of the communication between CONVERGENT and Plaintiff and therefore denies the same and demands strict proof thereof.

35. CONVERGENT denies the allegations set forth in Paragraph 35 and hereby demands strict proof thereof.

### RESPONSE TO FIRST CAUSE OF ACTION
### (Fair Debt Collections Practices Act)

36. Responding to Paragraph 36, CONVERGENT adopts by reference Paragraphs 6 through 35 of this Answer.

37. CONVERGENT denies the allegations set forth in Paragraph 37 and hereby demands strict proof thereof.

38.     CONVERGENT admits Paragraph 38 cites to a portion of the FDCPA and denies any violation of the FDCPA or any other law.

39.     CONVERGENT denies the allegations set forth in Paragraph 39 and hereby demands strict proof thereof.

40.     CONVERGENT denies the allegations set forth in Paragraph 40 and hereby demands strict proof thereof.

41.     CONVERGENT admits Paragraph 41 cites to a portion of the FDCPA and denies and violation of the FDCPA or any other law.

42.     CONVERGENT denies the allegations set forth in Paragraph 42 and hereby demands strict proof thereof.

43.     CONVERGENT denies the allegations set forth in Paragraph 43 and hereby demands strict proof thereof.  CONVERGENT hereby denies that any relief should be granted to Plaintiff and asserts Plaintiff's claims should be dismissed with prejudice.

## RESPONSE TO PRAYER FOR RELIEF

44.     The introductory paragraph of the Prayer for Relief and Paragraphs 44, 45, 46 (a) – (c), 47, and 48 do not require a response from CONVERGENT.  To the extent a response should be offered, CONVERGENT hereby asserts all of the requested relief should be denied and Plaintiff's claims should be dismissed with prejudice.

## RESPONSE TO JURY DEMAND

45.     The Demand for Jury Trial requires no response from CONVERGENT.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted, and therefore Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND DEFENSE

CONVERGENT asserts, without admitting any liability whatsoever, that any violation of federal law by CONVERGENT in communicating with Plaintiff or any potential class members was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD DEFENSE

CONVERGENT states, without admitting any liability whatsoever, that with regard to the declaratory and injunctive relief sought by Plaintiff, such claims are barred because plaintiff has an adequate remedy at law and such relief is not available under the FDCPA.

### FOURTH DEFENSE

CONVERGENT asserts, without admitting any liability whatsoever, that the Plaintiff and/or members of the putative class lack standing to pursue a cause of action against CONVERGENT.

### FIFTH DEFENSE

Plaintiff's Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by CONVERGENT.

### SIXTH DEFENSE

If any action or inaction of CONVERGENT violated any statute, which CONVERGENT specifically denies, the action or inaction was not intentional or willful.

**SEVENTH DEFENSE**

To the extent the applicable debt was not incurred for the purposes set forth in the FDCPA, Plaintiff is barred from recovering from CONVERGENT under the provisions of the FDCPA.

**EIGHTH DEFENSE**

CONVERGENT states that Plaintiff's purported causes of action may not be allowed to proceed within the United States District Court system as Defendant may possess the contractual right to move this action to arbitration based upon the contract Plaintiff entered into with the original creditor.

**NINTH DEFENSE**

CONVERGENT states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the voluntary payment doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses.

**TENTH DEFENSE**

CONVERGENT reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defenses.

**WHEREFORE,** CONVERGENT prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all alleged causes of action against CONVERGENT with prejudice and on the merits; and,

2. Awarding CONVERGENT such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated: September 17, 2014

                                          Respectfully submitted,

                                          */s/ Chad Echols*

                                          _____
                                          Chad V. Echols (Fed I.D. 9810)
                                          The Echols Firm, LLC
                                          P.O. Box 12645
                                          Rock Hill, SC 29731
                                          (803) 329-8970
                                          chad.echols@theecholsfirm.com
                                          *Attorney for Defendant*
                                          *Convergent Outsourcing, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that Convergent Outsourcing, Inc.'s **ANSWER** was served upon Plaintiff's counsel on the 17th day of September, 2014 by electronic mail through the Clerk of Court's ECF System addressed as:

Mr. Dave Maxfield
Dave Maxfield Attorney, LLC
5217 N. Trenholm Road, Suite B
Columbia, South Carolina 29206
dave@consumerlawsc.com
*Counsel for Plaintiff*

The Echols Firm, LLC